**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10184 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-00051-JAS-DTF |
| v. | |
| DEMETRIUS VERARDI RAMOS, AKA Demetrius Ramos, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted November 18, 2022*
Phoenix, Arizona

Before: BYBEE, OWENS, and COLLINS, Circuit Judges.

Demetrius Ramos appeals from his jury conviction and sentence for one count of conspiracy to transport, for profit, noncitizens who have entered or remain in the United States unlawfully, four counts of harboring such noncitizens for profit, and three counts of transportation of such noncitizens for profit, all in violation of 8 U.S.C. § 1324.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

As the parties are familiar with the facts, we do not recount them here. We affirm in part, vacate in part, and remand.[1]

1.     Ramos challenges the district court's denial of his motion to suppress evidence, arguing that the district court erred by holding that he was not "in custody" for *Miranda* purposes. We review whether a defendant was "in custody" de novo and any underlying factual findings for clear error. *United States v. IMM*, 747 F.3d 754, 766 (9th Cir. 2014) (citation omitted).

A person detained during a *Terry* stop is generally not "in custody" for *Miranda* purposes. *Berkemer v. McCarty*, 468 U.S. 420, 439-40 (1984) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). Although a *Terry* stop may require *Miranda* warnings if the questioning goes "beyond a brief *Terry*-type inquiry," *United States v. Kim*, 292 F.3d 969, 976 (9th Cir. 2002), such is not the case where, as here, questioning is limited to the suspect's name, date of birth, and citizenship status. *See Berkemer*, 468 U.S. at 439; *see also United States v. Brignoni-Ponce*, 422 U.S. 873, 881-82 (1975) (holding that an officer with reasonable suspicion that a car contains undocumented individuals may "question the driver and passengers about their citizenship and immigration status"). Although the stop lasted about an

---

[1] Ramos also challenges the district court's denial of his motion to suppress on voluntariness grounds and adoption of the magistrate judge's report and recommendation. We affirm the district court's decision in a concurrently filed published opinion.

hour, border patrol agents diligently pursued their investigation of the circumstances that led to the stop. *See United States v. Sharpe*, 470 U.S. 675, 687 (1985). Ramos also contributed to the delay by refusing to provide his driver's license and by calling his attorney and a friend. *See id.* at 687-88*; see also United States v. Richards*, 500 F.2d 1025, 1029 (9th Cir. 1974) (finding that an hour-long delay caused by the defendant's evasive responses to legitimate police inquiries was reasonable). Accordingly, the district court did not err in finding that Ramos was not "in custody" for *Miranda* purposes at the time he requested to speak to an attorney.

2. Next, the parties agree that the district court erred by imposing a special condition of supervised release in its written judgment that was not pronounced at the sentencing hearing. The written judgment requires Ramos to "participate as instructed by the probation officer in a program of substance abuse treatment (outpatient and/or inpatient) which may include testing for substance abuse" and to "contribute to the cost of treatment in an amount to be determined by the probation officer." At the sentencing hearing, however, the district court made no mention of a substance abuse treatment program. Accordingly, we vacate and remand so the district court can make the written judgment consistent with the oral pronouncement. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) ("When there is a discrepancy between an unambiguous oral pronouncement

3

of a sentence and the written judgment, the oral pronouncement controls." (citation omitted)).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**.